IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH W. STONE,                                      CV. 08-496-MA

        Petitioner,                                ORDER

v.

J.E. THOMAS,

        Respondent.

MARSH, Judge

    Petitioner Kenneth W. Stone brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' (BOP's) refusal to grant him 12 months pre-release placement in a residential reentry center (RRC). For the reasons that follow, petitioner's habeas corpus petition is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

    Petitioner is serving a 60-month term of imprisonment to be followed by five years of supervised release. The BOP placed petitioner at FPC Sheridan, Oregon. The parties have informed the

1 - ORDER

court that petitioner was released from custody on August 27, 2010.

Petitioner is one of seventeen FCI Sheridan inmates who has challenged the BOP's policies for determining when an inmate will be designated for placement in an RRC following the Second Chance Act, Pub. Law 110-199, § 231, 122 Stat. 657 (April 9, 2008). This court has issued decisions in three related cases: Pierce v. Thomas, No. 08-705-MA, 2009 WL 1925469 (D. Or. July 1, 2009), adhered to on recon., 2009 WL 2476606 (D. Or. Aug. 10, 2009), Sacora v. Thomas, No. 08-578-MA, D. Or. June 16, 2010 (Opinion and Order #57), and Sass v. Thomas, No. 08-300, 2009 WL 2230759 (D. Or. July 23, 2009). Notably, in Pierce, I determined that the petitioner's transfer to an RRC rendered his case moot because Pierce was challenging only the location of his imprisonment, not the length of his sentence, and there was no effective remedy that this court could provide. Pierce, 2009 WL 1925469 at *3-4.

On August 3, 2010, I entered an order to stay petitioner's case pending resolution of Sacora, Pierce, and Sass on appeal to the Ninth Circuit. The Ninth Circuit has now affirmed these cases. Sacora v. Thomas, 628 F.3d 1059 (9th Cir. 2010); Pierce v. Thomas, No. 09-35781, 400 Fed. Appx. 259 (9th Cir. 2010); Sass v. Thomas, No. 09-35830, 2010 WL 5034102 (9th Cir. Dec. 8, 2010). On March 10, 2011, I vacated the stay and ordered petitioner to show cause why this case should not be dismissed as moot based on the decision in Pierce. The parties have submitted the requested briefing.

2 - ORDER

## DISCUSSION

Respondent submits that petitioner's release from custody renders this case moot based on the reasoning set forth in <u>Pierce</u>. Petitioner argues that <u>Pierce</u> is not controlling because the Ninth Circuit's determination was not selected for publication and is not precedent under Ninth Circuit Rule 36-3.

Although the Ninth Circuit's decision in <u>Pierce</u> is not precedent under Rule 36-3(a), it nevertheless affirmed this court's decision and reasoning. Accordingly, I adhere to my previous rationale articulated in <u>Pierce</u>, 2009 WL 1925469.

Petitioner also contends that his case is not moot based on the reasoning in <u>Serrato v. Clark</u>, 486 F.3d 560 (9th Cir. 2007). According to petitioner, my decision in <u>Pierce</u> incorrectly distinguished <u>Serrato</u>. I disagree.

As I explained in <u>Pierce</u>, <u>Serrato</u> is unlike petitioner's current claim. In <u>Serrato</u>, the petitioner was challenging the termination of a boot camp program, under which Serrato would have been eligible for a six month sentence reduction. <u>Serrato</u>, 486 F.3d at 562-63 & n.1. The court reasoned that Serrato's transfer to supervised release did not moot her case because Serrato was challenging a program which impacted the *length* of her sentence. Indeed, if Serrato had completed boot camp, her sentence may have been reduced, thereby starting her term of supervised release sooner. It was Serrato's *over-incarceration* which made the injury

3 - ORDER

redressable in a motion to reduce her term of supervised release under 18 U.S.C. § 3583(e)(2), and prevented the case from becoming moot. Accord Mujahid v. Daniels, 413 F.3d 991, 994-96 (9th Cir. 2005), cert. denied, 547 U.S. 1149 (2006)(challenging the denial of good time credits; case not moot upon transfer to supervised release).

Unlike the boot camp in Serrato, neither statutory provision petitioner challenges in this action operates to commence petitioner's term of supervised release any sooner. See 28 U.S.C. §§ 3621(b) & 3624(c). It is undisputed that petitioner's release date remained the same whether was is in an RRC, home confinement or in prison at Sheridan. Because there are no over-incarceration concerns at issue in this case, Serrato does not govern.

For the reasons stated above, and for the additional reasons stated in my decision in Pierce, I conclude that petitioner's transfer to home confinement on December 6, 2010, leaves this court with no effective remedy it can provide. Accordingly, petitioner's case is now moot, and this court lacks jurisdiction.[1]

---

[1] I note that petitioner's substantive arguments were rejected in Sacora v. Thomas, 628 F.3d 1059 (9th Cir. 2010). I deny petitioner's renewed request to stay this case pending the outcome of a petition for writ of certiorari in Sacora.

4 - ORDER

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED as moot, and this proceeding is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this ___8___ day of APRIL, 2011.

                                                              */s/ Malcolm F. Marsh*
                                                              Malcolm F. Marsh
                                                              United States District Judge